Nicholson, C. J.,
delivered the opinion of the Court.
A judgment was rendered in the Circuit Court of Lewis county, on motion, against Brown as tax collector, and his sureties, for failure to pay over State taxes.
Various errors are relied on here for reversal.
1. It is said the notice is defective because it does not state the place at which the motion would be made. The notice fixes the time when the motion would be made, and notifies the collector that it would be made before the Circuit Judge then holding the Circuit Court. This was necessarily notice that the motion would be made at the court-house. But the record shows that the collector appeared and defended the motion. This was a waiver of any objection to the notice. .
2. It is said that there is no ground stated in the notice, which, if true, would authorize a judgment. The notice is: “I will move the Circuit Court for judgment against you and your securities for State revenue due the State of Tennessee.” It is insisted that no such cause as this is named in the statute. The statute, Code, Sec. 730, is, that any officer concerned in the collection of revenue, who has failed to collect, make returns or settlement, or pay over moneys of the State by him received, etc.', may be proceeded against on motion.
When the collector is notified that he will be moved against “for State revenue due the State,” it necessarily means, either that he has failed to collect, or that *873 he has failed to make returns or settlement, or that he has failed to pay over the revenue collected — in either event he is liable to a motion “for State revenue due the State.” It was not incumbent on the district attorney to be more specific in his notice.
3. It is next said that the motion is the commencement of the suit, but that it does not appear from the record that the sureties of the collector were moved against. Hence, that they have not had their day in-court.
The record shows the case to stand on the minutes thus: “State of Tennessee v. Milton D. Brown, Archibald Brown, John C. Perry, Chas. T. Brown — Motion. Came the Attorney General, etc., and moved the court for judgment against Milton D. Brown, as delinquent revenue collector,” etc. The caption shows that the motion was against the collector and his sureties, but the recital in the record is, that the motion was against the collector as a delinquent. This was all that was necessary to be stated. The direction in See, 731 of the Code is, that “the district attorney shall move the court for judgment against the delinquent,” and upon the production of the Comptroller’s statement, by Sec. 133, “the court shall render judgment against him and his sureties.”
The motion against the collector carries with it the right to judgment against his sureties. But the record shows that when the judgment was rendered, the' sureties as well as the collector appeared by counsel, and the recital of the record is that the motion was against the collector and his sureties.
*874 4. It is next said the judgment is void, because every fact is not recited which is necessary to give the court jurisdiction. The judgment recites that the judgment is rendered “for failure to pay over and account for $687.25, due the State of Tennessee as taxes for the year 1868.” It is argued that it does not appear from this recital, from whom the amount was due, whether from Brown, as tax collector, or not.
It is recited in the judgment that “the District Attorney produced the statement of the Comptroller, showing the amount due and not paid into the treasury of the State, and it appearing that the said Milton D. Brown was elected revenue collector for 1868, and that he entered into bond, (which is set out,) and it further appearing that the said Milton D. Brown, as such revenue collector, foiled to pay over or account for $687.25, due the State of Tennessee as taxes for the year 1868,” etc. The recitals are full and specific, showing everything necessary to give the court jurisdiction, and having no ambiguity or uncertainty as to any fact necessary to be stated, there is no error in the judgment.
Affirmed.